# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-185V
Filed: September 1, 2020
UNPUBLISHED

| | |
|---|---|
| CHRISTIE KIRBY,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and<br>Costs Decision; Reasonable<br>Attorney Rate |

*Richard Gage, Richard Gage, P.C. Cheyanne, WY*, for petitioner.
*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC*, for respondent.

### **DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On May 29, 2020, petitioner moved for an award of interim attorneys' fees and costs in the amount of $91,876.68. (ECF No. 78.) In response, respondent recommended that the special master exercise his discretion to determine a reasonable award for attorneys' fees and costs, if the special master is satisfied that the reasonable basis and interim fee award standards are met. (ECF No. 79.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $91,122.50.

### I.    Procedural History

On February 8, 2016, petitioner alleged broadly that her October 8, 2013 influenza vaccination injured her right arm. (ECF No. 1, pp. 1-2.) This case was initially

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

assigned to the Special Processing Unit of the Office of Special Masters ("SPU") based on the allegations in the petition. (ECF No. 5.)

Respondent filed his Rule 4(c) report recommending against compensation on August 9, 2016. (ECF No. 19.) On February 20, 2017, petitioner filed an expert report from Dr. Marcel Kinsbourne, a neurologist, along with his CV and the medical literature that was cited in his expert report. (ECF Nos. 27-28; Exs. 9-17.) On June 30, 2017, respondent filed a responsive expert report from neurologist, Dr. Peter D. Donofrio. (ECF Nos. 34; Exs. A-B.) On July 20, 2017, this case was removed from the SPU and reassigned to Special Master Laura D. Millman. (ECF No. 37.) Thereafter, the parties filed supplemental reports from their respective experts. (ECF Nos. 39, 43.) Subsequently, Special Master Millman set an entitlement hearing for July 15, 2019. (ECF No. 42.)

On March 19, 2018, petitioner filed an amended petition, now alleging a Table "SIRVA" injury resulting from her October 3, 2013 flu vaccine. (ECF No. 44, p. 2.) On June 5, 2019, this case was reassigned to my docket following Special Master Millman's retirement. (ECF No. 45.)

On July 22, 2019, a one-day entitlement hearing was held. (*See* ECF No. 62, Transcript of Proceedings ("Tr"), July 22, 2019). Petitioner testified first, followed later by Drs. Kinsbourne and Donofrio. On November 1, 2019, I issued a Ruling on Entitlement, finding that petitioner was entitled to compensation. (ECF No. 63.) On December 30, 2019, I issued a Decision Awarding Damages based on respondent's proffer. (ECF Nos. 67-68.)

Respondent filed a motion for review of my Ruling on Entitlement. (ECF Nos. 71, 73.) On May 27, 2020, the Court granted respondent's motion for review, vacating my Ruling on Entitlement and Decision Awarding Damages, and dismissing the petition. (ECF No. 76.) Judgment was entered on the same day. (ECF No. 77.) Petitioner later filed an appeal with the Court of Appeals for the Federal Circuit. (ECF No. 81.)

Petitioner filed the instant motion for interim attorneys' fees and costs on May 29, 2020. (ECF No. 78.) Respondent filed his response on June 10, 2020. (ECF No. 79.) Petitioner filed no reply.

Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.   An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special

2

master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id*. In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id*. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The fact of petitioner's appeal to the Federal Circuit does not in itself justify an interim award of attorneys' fees and costs; however, petitioner's request for interim attorneys' fees and costs is made after more than four years of litigation, after an entitlement hearing, and after petitioner incurred costs for providing expert reports and expert testimony to support her claim. Upon review of the records, there is no evidence that this petition was not brought in good faith and petitioner had reasonable basis to pursue her claim. Petitioner contends that "a hearing on entitlement has been held and sufficient evidence was presented to confirm the good faith and reasonable basis for the claim." (ECF No. 78-2, p. 2.) For the same reasons discussed in my prior ruling on entitlement (ECF No. 63), I agree. In any event, respondent has chosen not to challenge petitioner's good faith and reasonable basis for filing this claim. (ECF No. 79.) Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### III. Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id*. at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

3

i. <u>Reasonable Hourly Rates</u>

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). In *Avera*, the Federal Circuit found that in Vaccine Act cases, the special master should use the forum rate, i.e., the DC rate, in determining an award of attorneys' fees unless the bulk of the work is completed outside of the District of Columbia and there is a "very significant difference" between the forum hourly rate and the local hourly rate. 515 F.3d at 1349 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Spec. Serv. Dist. v. U.S. Envtl. Prot. Agency,* 169 F.3d 755 (D.C. Cir. 1999)). There have been prior decisions applying the *Davis* exception and awarding the local rate to attorneys practicing in Cheyenne, Wyoming. *See e.g.*, *Avila v. Sec'y of Health & Human Servs.*, No. 05-685V, 2009 WL 2033063 (Fed. Cl. Spec. Mstr. June 26, 2009); *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2013 WL 2404075 (Fed. Cl. Spec. Mstr. May 14, 2013). Accordingly, petitioner's counsel should be awarded fees at local rates.

In this case, petitioner is seeking $56,519.20 in interim attorneys' fees for work performed in 2015 through 2020. Most of the hourly rates requested in this case are consistent with what has previously been awarded. *See, e.g., Demitor v. Sec'y of Health & Human Servs.,* No. 17-564V, 2020 WL 1027955 (Fed. Cl. Spec. Mstr. Feb. 7, 2020); *Martin v. Sec'y of Health & Human Servs.*, No. 13-486V, 2019 WL 2173794, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 23, 2019); *see also Desai v. Sec'y of Health & Human Servs.*, No. 14-811V, 2018 WL 6819551 (Fed. Cl. Spec. Mstr. Nov. 27, 2018); *Hendrickson v. Sec'y of Health & Human Servs.*, No. 15-812V, 2018 WL 6822351 (Fed. Cl. Spec. Mstr. Nov. 26, 2018); *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2017 WL 1718783 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). I find these rates to be reasonable and find no cause to reduce them.

However, Ms. Blume's requested rates require further discussion. Her requested rate for 2018 is unreasonable because it exceeds what she has previously and consistently billed and been awarded. The question of what Ms. Blume should be awarded for 2018 is well-settled. *See, e.g., Demitor*, 2020 WL 1027955, at *4-5; *Williams v. Sec'y of Health & Human Servs.*, No. 15-1224V, 2019 WL 7482148, at *2 (Fed. Cl. Spec. Mstr. Dec. 2, 2019); *Ellis v. Sec'y of Health & Human Servs.*, No., 2019 WL 3315326, at *7 (Fed. Cl. Spec. Mstr. Jun. 24, 2019); *Martin v. Sec'y of Health & Human Servs.*, No. 13-486V, 2019 WL 2173794, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 23, 2019). In contrast, her 2019 hourly rate has now been the subject of competing determinations. *Compare Demitor*, *supra*; *Martin Supra.*, and *Oberheim v. Sec'y of Health & Human Servs.*, No. 17-725V, 2020 WL 733919, at *1 (Fed. Cl. Spec. Mstr. Jan. 10, 2020); *Yalacki v. Sec'y of Health & Human Servs.*, No. 14-278V, 2020 WL

5049394 (Fed. Cl. Spec. Mstr. Aug. 12, 2020). I find Ms. Blume's requested rates for 2019 and 2020 to be reasonable.[2]

Because Ms. Blume billed only 0.2 hours during 2018, reducing Ms. Blume's hourly rate for 2018 to $251 per hour, consistent with prior decisions, results in a **reduction of only $3.80**.

###### ii. Reasonable Hours Expended

Turning next to the requested hours expended, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*¸ 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for reviewing the same orders and attending the same conferences/office meetings. Specifically, counsel billed individual 0.1 hours for attorneys and paralegals for office meetings, compromising of at least one attorney and two paralegals or two attorneys and two paralegals. Special masters have previously found it reasonable to reduce the fees paid to petitioners due

---

[2] The requested rates match those previously found to be reasonable relative to her legal partner, Richard Gage, who works under the same prevailing market rates in the local legal market. However, in the prior *Demitor* decision I declined to extend those same rates to Ms. Blume. The *Demitor* decision was based in significant part on the understanding that, notwithstanding her argument that she had taken on a more substantial role as partner at the Gage firm in 2019, Ms. Blume's 2019 rate was settled at $251 per hour, similar to her 2017 and 2018 rates. That is no longer the case. In *Demitor*, I addressed Ms. Blume's rates through 2019 and acknowledged the prior *Oberheim* decision, a seemingly outlier decision which awarded the higher rates requested, but indicated that it was unpersuasive because it contained no explanation for the awarded rates. *Demitor*, 2020 WL 1027955, at *5. Subsequent to issuance of the decision in *Demitor*, the *Oberheim* decision and the resulting rates were further endorsed by a different special master. *Yalacki*, 2020 WL 5049394, at *2 (citing *Oberheim*, 2020 WL 733919). Consistent with that result, petitioner argues in this case that Mr. Gage and Ms. Blume enjoy comparable reputations in their local legal community, have similar years of overall legal experience, and undertake similar responsibilities within their firm. (ECF No. 78-1, p. 2.) Petitioner also argues that the rate extended by *Demitor* was artificially low. (*Id.* at 3.) Notably, in addition to changing her role at the Gage firm in 2019, Ms. Blume did not increase her rates for either 2017 or 2018. Accordingly, in reassessing Ms. Blume's 2019 rate, a more significant rate increase than might otherwise be expected is reasonable. Additionally, I have not noted any significant difference in the quality of Ms. Blume's work within this program compared to Mr. Gage.

to billing for intra-office communication. *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).  Since Richard Gage is the lead attorney in this case, handling the majority work, for duplicative and excessive entries, only hours billed by Mr. Gage are awarded.  These duplicative billing entries result in a **reduction of $478.60** of the interim fee award.[3]

### b. Interim Attorneys' Costs and Petitioner's Costs

Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs.").

In this case, petitioner seeks $17,431.99 in interim attorneys' costs, including expenses incurred in obtaining medical records, travel costs, and expert costs for Dr. Kinsbourne to provide multiple expert reports, travel to Washington, D.C., and testify in an entitlement hearing.  Upon my review of the supporting documentation filed along with petitioner's motion, it appears that counsel included duplicative invoices for meals at Sofitel Hotel.  Petitioner billed individually for room service meals based on individual receipts, but also included an invoice for total meal charges from the hotel that included the same meals.  (*Compare* ECF No. 78, p. 54 and ECF No. 78, pp. 76-78.)  Therefore, a **reduction of $147.52** is made from the interim attorneys' costs award.  I find the remaining requested interim attorneys' costs to be reasonable.

Turning next to petitioner's costs, petitioner averred that she incurred $268.07 in personal costs.  (ECF No. 78, p. 84.)  However, upon review of the supporting documentation, the cost of petitioner's stay at hotel in St. Louis the night before the hearing totaled $143.81.  (*Id.* at 85.)   The submission contains no explanation for the remaining $124.26 incurred.  Therefore, petitioner is **awarded $143.81** for personal costs.  Petitioner may renew her request for the remainder, with proper substantiation, upon seeking an award for final attorneys' fees and costs.

### IV.    Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded $91,122.50, representing

---

[3] There were many instances where attorneys and/or paralegals would bill for reviewing the same court orders and attending the same conferences/ office meetings. For example, there were duplicative billings on April 14, 2015, September 30, 2015, January 7, 2016, January 11, 2016, January 18, 2016, January 22, 2016, February 10, 2016, June 13, 2016, April 10, 2017, October 27, 2017, March 16, 2018, January 17, 2019, June 13, 2019, June 27, 2019, July 11, 2019, July 15, 2019, July 16, 2019, July 17, 2019, July 23, 2019, July 31, 2019, December 2, 2019, December 31, 2019, and January 29, 2020.

$56,036.80 in interim attorneys' fees, $34,941.89 in interim attorneys' costs, and $143.81 in personal costs.

**Accordingly, I award a total of $91,122.50 as follows:**

- **A lump sum of $143.81 in the form of a check payable to petitioner; and**

- **A lump sum of $90,978.69 in the form of a check jointly payable to petitioner and her counsel, Richard Gage, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.